**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT VAN ECHAUTE,**

              **Plaintiff,**              Civil Case No. 6:09-CV-1071
                                                     (NAM/GHL)

   vs.

**LAW OFFICE OF THOMAS LANDIS, ESQ.,**

              **Defendant.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

Lemberg & Associates, L.L.C.              Sergei Lemberg, Esq.
1100 Summer Street, 3rd Floor
Stamford, Connecticut 06905
*Attorneys for Plaintiff*

McNamee Lochner Titus & Williams, P.C.   Kenneth L. Gellhaus, Esq.
677 Broadway, 5th Floor
Albany, New York 12207
*Attorneys for Defendant*

**Norman A. Mordue, Chief U.S. District Court Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.    INTRODUCTION**

    Presently before the Court is plaintiff's motion for an award of attorney's fees in the amount of $4,271.50 following entry of an offer of judgment on plaintiff's complaint under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and New York Gen. Business Law §§ 601 and 349.

**II.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

    In his complaint, plaintiff alleged that the defendant law firm which is not licensed to conduct business in the State of New York, engaged in a campaign of harassment in its attempt to

collect a ten (10) year old American Express credit card debt. The Complaint was filed in September 2009. The Court scheduled an initial conference for January 20, 2010. The conference was rescheduled a number of times and was eventually held on March 26, 2010. Following the Court's Rule 16 scheduling conference, defendant filed an Offer of Judgment in the amount of $2,500.00, which Offer plaintiff accepted. The Offer of Judgment included "costs accrued to ... date by plaintiff." The case was deemed dismissed by way of settlement on April 22, 2010. Plaintiff's counsel filed a motion for attorney's fees on May 3, 2010.

Defendant served motion papers in opposition to plaintiff's request for attorney's fees asserting three grounds for denying the motion in part or in total. First, defendant asserts that the Offer of Judgment includes costs, which under the FDCPA, takes attorney's fees into account. Second, defendant contends that since plaintiff did not include in his motion papers the retainer agreement upon which the fee application was based, it is not appropriate to award hourly fees to plaintiff. Finally, defendant argues that plaintiff's fee request is unreasonable based on the number of hours expended and the rate of some of the attorneys who performed work in plaintiff's case.

Plaintiff's counsel then asked the Court for permission to file a reply in further support of his motion for attorney's fees to address whether the Offer of Judgment included plaintiff's reasonable legal fees and whether plaintiff was required to submit his retainer agreement with his moving papers. Defense counsel objected to the request on the basis that these issues were readily foreseeable before defendant served its opposing papers and permitting further submissions "in a case settled well before the exchange of substantial discovery, [including taking depositions], would unduly increase the amount that plaintiff's attorneys may obtain in what

2

amounts to a very modest recovery for their client." Thereafter, this Court denied plaintiff's request to file a reply via text order.

**III.    DISCUSSION**

A.    Whether Offer of Judgment Includes Attorney's Fees in "Costs Accrued to Date"

Fed. R. Civ. P. 68 governs Offers of Judgment. Rule 68 provides that "[a]t any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, with costs then accrued." Fed R. Civ. P. 68. If such an offer is not accepted and "the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer." *Id.* The purpose of Rule 68 is to encourage settlement and avoid litigation. *See Marek v. Chesny*, 473 U.S. 1, 5 (1985). The rule prompts both parties to a suit to evaluate the risks and costs of litigation, and to balance them against the likelihood of success upon trial on the merits. *Id.*

In *Marek*, the Supreme Court considered the question whether "costs" included attorney's fees under Rule 68. The Court arrived at two significant holdings: First, under Rule 68, a valid offer of judgment always includes all costs (whether or not it so specifies) because Rule 68 authorizes such an offer only with costs then accrued. *See Marek*, 473 U.S. at 6. Second, the Court held that "costs" includes attorney's fees only if such fees are defined as costs under the relevant substantive statute or authority upon which the suit is premised. *See id.* Under *Marek,* to determine whether these costs include an award for attorney's fees, a court must look to the statutes under which plaintiff brought suit.[1]  *See id*.

---

[1] Indeed, the Supreme Court held in *Marek*:

3

Among the damages that can be awarded under the FDCPA are "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. 1692k(a)(3). The text of the FDCPA which describes, "costs of the action, together with a reasonable attorney's fee" is not significantly different than the language of the antitrust statute ("cost of suit, including a reasonable attorney's fee") under which an award of attorney's fees to the prevailing party is mandatory. *See Samsung Elec. Co., Inc. v. Rambus, Inc.,* 398 F. Supp.2d 470, 488 (E.D. Va. 2005) (citing 15 U.S.C. § 15). "For that reason, and considering that the FDCPA treats costs and attorney's fees in the same statutory provision, it is reasonable to conclude that, in the FDCPA, attorney's fees are part of costs." *Id.* However, *Samsung* notes that there are decisions that construe attorney's fees **not** to be a facet of costs under the FDCPA. *See Samsung*, 398 F. Supp.2d at 488 (citing *Marek*, 473 U.S. at 42-51) (Brennan, J., dissenting); *Chambers v. Manning*, 169 F.R.D. 5 (D. Conn. 1996) (citing *Marek*, 473 U.S. at 6); *Shapiro v. Credit Protection Ass'n I, Inc*., 53 F. Supp.2d 626 (S.D.N.Y. 1999) (citing *Chambers,* 169 F.R.D. at 8). The court in *Samsung* noted that the determination in *Marek* that held attorney's fees were not part of costs is found in a dissenting opinion and "neither *Chambers* nor *Shapiro* explain the reasoning in support of their terse comments on the matter." 398 F. Supp.2d at 487.

This Court disagrees with *Samsung*'s assessment that neither *Chambers* nor *Shapiro*

---

> Rule 68 was intended to refer to all costs properly awardable under the relevant substantive statute or other authority. In other words, all costs properly awardable in an action are to be considered within the scope of Rule 68 "costs." [A]bsent congressional expressions to the contrary, where the underlying statute defines "costs" to include attorney's fees, [ ] such fees are to be included as costs for purposes of Rule 68.

473 U.S. at 9.

4

explained its reasoning for deciding that attorney's fees were not part of costs under the FDCPA. In *Chambers,* the court determined that attorney's fees are included as part of costs "only when the underlying statute so defines them" and construed the plain language of the FDCPA as a statute that does not define attorney's fees "as part of" costs. *See Chambers*, 169 F.R.D. at 8 (citing 15 U.S.C. § 1692k(a) (1994) ("costs ... **together with [or in addition to]** a reasonable attorney's fee")) (emphasis added). To wit, in *Chambers*, the court rejected plaintiff's contention that Rule Fed. R. Civ. P. 68 mandates a fee award simply because the offer of judgment failed to exclude one. The court also dismissed defendant's claim that the accepted offer could not be interpreted as excluding attorney's fees because it was "clearly a lump-sum settlement of all liability." Indeed, the court construed the offer of judgment as ambiguous since it was silent on attorney's fees. 169 F.R.D. at, *8 (citing *Radecki v. Amoco Oil Co.*, 858 F.2d 397, 400 (8th Cir. 1988). Using "ordinary contract principles," the court concluded that rather than looking to extrinsic evidence to resolve the ambiguity, it should be construed against the offeror. "[This] approach . . . forces a defendant to be precise about the terms of his offer." 169 F.R.D. at, * 8. Indeed, the court found that "the practice of demanding clarity from the offeror is supported by the policy behind the statutory fee provisions." *Id.* "Fee awards are designed to encourage lawyers to act as private attorneys general." *Id.* Thus, the court found that "if defendant had intended for his offer to include fees, he could have said so explicitly. His failure to do so will be construed against him." *Id.*

Likewise, in *Shapiro*, defendants made an offer of judgment that included costs but was silent on the issue of attorney's fees. 53 F. Supp.2d at 627. At a pretrial conference, counsel for plaintiff inquired of defense counsel whether the offer included attorney's fees and counsel for

5

defendant recalled stating that it did. *See id.* The next day, counsel for plaintiff accepted the offer of judgment but stated he reserved the right to make an application for fees. *See id.* Defense counsel responded that the offer included attorney's fees and opposed plaintiff's subsequent motion for fees on that ground. *See id.* The court found that "Congress specifically provided by statute that successful plaintiffs in FDCPA cases are entitled to reasonable attorney's fees." *Id.* (citing *Pipiles v. Credit Bureau*, 886 F.2d 22, 28 (2d Cir. 1989); *Emanuel v. American Credit Exchange*, 870 F.2d 805, 808-09 (2d Cir. 1989).

Rather than finding defendant's offer ambiguous as did the court in *Chambers* because the offer did not mention attorney's fees, the *Shapiro* court held that it was "clear on its face, and stated that it included costs." *Id.* at 628. **"The inclusion of costs did not make the offer ambiguous, since lawyers, above all, know the difference between fees and costs.** "**Because the FDCPA does not itself contemplate attorney's fees as part of costs,** *see Chambers* (emphasis added), 169 F.R.D. at 8, the offer of judgment in this case did not, on its face, cover attorney's fees." *Id.* Moreover, the court in *Shapiro* held that "[e]ven were there some ambiguity in the language of the offer, however, that ambiguity would be appropriately resolved against the defendants." *Id.* (citing *Chambers*, 169 F.R.D. at 8).

In the case of *Minnick v. Dollar Fin. Group, Inc.*, 2002 WL 1023101, at *4 (E.D. Pa. May 20, 2002), the court also addressed the issue of ambiguity that arises when attorney's fees are not part of the costs of an action under the underlying statute, and an offer of judgment is silent as to attorney's fees. There, the court determined that such fees are not necessarily included or excluded on the face of such an offer of judgment without additional clarifying language. *See id.* (citing *Hennessy v. Daniels*, 270 F.3d 551, 553-554 (8th Cir. 2001); *Nordby v. Anchor Hocking*

6

*Packaging Co.*, 199 F.3d 390, 391-92 (7th Cir. 1999).

Based on the foregoing the Court finds it reasonable to conclude that plaintiff's counsel is entitled to recover a reasonable attorney's fee in this case since the Offer of Judgment of $2500.00 is silent, and therefore ambiguous with respect to inclusion or exclusion of such fees. Because the Court finds that the ambiguity in the Offer of Judgment will be resolved against defendant, the Court need not address defendant's additional grounds for denying plaintiff's counsel's request for attorney's fees.

B.      Reasonable Attorney's Fees

In the present case, while Attorney Lemberg has submitted an affidavit indicating that his and his firm's practice focuses on consumer litigation, there is nothing about the present case that indicates it required specialized practice.  It was settled prior to any discovery after the Rule 16 pre-trial discovery conference for the sum of $2,500.00.  While plaintiff's counsel indicates that his usual billing rate is $400 per hour, that is well outside rate charged in this district by experienced attorneys in this area of practice.  The Second Circuit has held that courts are to award the presumptively reasonable fee, that is, the fee that would be paid by a reasonable, paying client in the relevant community. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 191-93 (2d Cir. 2008).  "The 'lodestar' figure should be 'in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'"  *Luciano v Olsten Corp.*, 109 F.3d 111, 115 (2d Cir. 1997) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n. 11 (1984)).  "It is well-established that the 'prevailing community' the district court should consider is 'the district in which the court sits.'" *Id.* (citing *Polk v. New York State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983)).

Courts in the Northern District of New York have determined:

> . . . the reasonable hourly rates in this District, i.e., what a reasonable, paying client would be willing to pay, were $210 per hour for an experienced attorney, $150 per hour for an attorney with four or more years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals.

*Picinich v. United Parcel Serv.*, 2008 WL 1766746, at *2 (N.D.N.Y. 2008) (citing, inter alia, *New Paltz Cent. Sch. Dist. v. St. Pierre*, 2007 WL 655603, at *2 (N.D.N.Y. 2007)).

Using the lodestar figures established by courts in this district and turning to plaintiff's application for attorney's fees, the Court notes that attorney Lemberg's affidavit indicates that he has been admitted to the New York and Massachusetts Bars since 2002 and has been a member of the Connecticut Bar since 2005. Moreover, he has been practicing in the area of consumer law since 2005. Based thereupon, Mr. Lemberg qualifies as an "experienced" attorney and may be reimbursed at the rate of $210 per hour. In his affidavit, however, Attorney Lemberg does not provide any details concerning the number of years that any of the other attorneys referenced in the subject billing records have been practicing law. The rate at which Mr. Lemberg's firm bills out these attorney's services is irrelevant without providing the Court with some information concerning the attorney's curriculum vitae or year of admission to the Bar. In the absence of this critical information, the Court has no alternative but to value their services at the lowest rate of $120 per hour for attorneys with less than four years of experience. The paralegals referenced in plaintiff's billing records will be billed at $80 per hour in accordance with the Northern District of New York's lodestar figure.

Based on the lodestar figures appropriate for this district and the lack of documentation for the experience level of attorneys referenced in plaintiff's application fees other than for attorney

Lemberg, plaintiff's request for reimbursement must be revised - in the first instance - as follows:

| | | |
|---|---|---|
| Jody Burton | 2.1000hours at $120.00/hr | $252.00 |
| Ernest Guadiana | 3.9000hours at $80.00/hr | $312.00 |
| Vlad Hirnyk | 0.1000hours at $80.00/hr | $8.00 |
| Sergei Lemberg | 7.2000hours at $210.00/hr | $1,512.00 |
| Susan Schneiderman | 0.3000hours at $120.00/hr | $36.00 |
| TOTAL | 13.6000hours | $2,120.00 |

However, in this case, the Court finds that the hours billed for the task accomplished was excessive. To quote Judge Sweet in Shapiro, Attorney Lemberg's firm "opened a file, prepared a simple [five]-page complaint, and attended a pretrial conference." 53 F.Supp.2d. at 628. Judge Sweet considered that these were "tasks reasonably accomplished in three hours for an attorney with 'extensive experience in FDCPA litigation.'" *Id.* If this Court tacks on an additional two hours for negotiating a settlement and researching the attorney's fee issue in the Offer of Judgment that is five hours - more than reasonable for a firm that according to Attorney Lemberg practices exclusively in the area of consumer litigation. Considering that Mr. Lemberg appears to have done most of the work in this case, the Court will bill three of the hours at his lodestar rate of $210 per hour, one of the hours at his associate rate of $120 per hour and the final hour at his paralegal rate of $80 per hour. This brings the total reasonable attorney's fee award in this case to $830.00 which the Court considers more than fair given the recovery, absence of discovery and state of litigation when the case was settled. Indeed, the Supreme Court held in *Hensley v. Eckerhart*, "the most critical factor" in determining a reasonable fee "is the degree of success

9

obtained." 461 U.S. 424, 436 (1983).  In this case, plaintiff's counsel obtained a judgment of $2,500.00 and a fee of $830 is reasonable in relation to the success achieved.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the motion of the plaintiff's counsel for costs and attorney's fees is GRANTED in part and DENIED in part; and it is further

**ORDERED** that plaintiff's counsel is hereby awarded $830.00 in attorney's fees and costs in this action.

**IT IS SO ORDERED.**

Dated: March 31, 2011
Syracuse, New York

_____
Norman A. Mordue
Chief United States District Court Judge